**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

PATRICK DISANTO,

              Plaintiff,

        -v-                                        1:25-CV-1329 (AJB/MJK)

ULSTER COUNTY FAMILY COURT,

              Defendant.
_____

**APPEARANCES:**                                        **OF COUNSEL:**

PATRICK DISANTO
Plaintiff, Pro Se
16008 West 84th Terrace
Lenexa, KS 66219

**Hon. Anthony Brindisi, U.S. District Judge:**

### ORDER ON REPORT & RECOMMENDATION

       On September 19, 2025, *pro se* plaintiff Patrick DiSanto ("plaintiff") submitted a filing entitled "memorandum of law & request for evidentiary hearing," which the Clerk of the Court docketed as a complaint. Dkt. No. 1. Along with that filing, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No 2. Thereafter, plaintiff submitted another filing entitled "memorandum of law & request for evidentiary hearing," which the Clerk has docketed as an amended complaint. Dkt. No. 4. Plaintiff has also filed a "motion to seal case," Dkt. No. 5, a "distinction notice," Dkt. No. 6, a "motion for protective order," Dkt. No. 8, a "notice of constitutional challenge," Dkt. No. 9, a "petition to perpetuate testimony to Rule 27(a)" Dkt. No. 10, a "motion to vacate judgment for Fraud on the Court," Dkt. No. 11, and a "motion to seal respondent list," Dkt. No. 12.

On November 5, 2025, U.S. Magistrate Judge Mitchell J. Katz granted plaintiff's IFP Application and, after an initial review of the pleadings and other filings, advised by Report & Recommendation ("R&R") that plaintiff's amended complaint be dismissed with partial leave to amend. Dkt. No. 13. As relevant here, Judge Katz advised that plaintiff be given a chance to amend most of his claims, but recommended that several of them be dismissed <u>without</u> leave to amend: (1) claims for negligence/medical malpractice arising out of plaintiff's "hypoglycemic event"; (2) claims for false arrest and/or excessive force; and (3) claims against Judge Cahill and Judge Lalor. *Id*. at 21.[1] As Judge Katz explained, those three claims were either time-barred or precluded by immunity principles. *Id*. Aside from those claims Judge Katz recommended that plaintiff be given leave to amend. *Id*. Notably, however, Judge Katz cautioned plaintiff that a second amended complaint must conform with certain requirements, including those imposed by the Federal Rules of Civil Procedure. *Id*. at 21–22.

Plaintiff has lodged objections. Dkt. No. 14. There, plaintiff contends that the R&R fails to accurately state the procedural history or apply the appropriate governing law. *See id*. In this filing, plaintiff also "provides formal notice of [his] disability status" and requests several ADA accommodations in connection with the Court's treatment of this lawsuit. *Id*.

Upon *de novo* review, the R&R is accepted and will be adopted in all respects. *See* 28 U.S.C. § 636(b)(1)(C). Although plaintiff is entitled to special solicitude in light of his *pro se* status, and while the Court will certainly stay mindful of plaintiff's impairments, federal courts have repeatedly rejected the notion that a litigant's impairment, or combination or impairments, excuses compliance with ordinary procedural rules or creates any specific substantive rights in

---

[1] Pagination corresponds with CM/ECF headers.

connection with federal-court litigation. *See, e.g.*, *McDowell v. McDonough*, 2024 WL 4751692, at *2 (W.D.N.Y. Oct. 8, 2024) (collecting cases).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 13) is ACCEPTED;

2. Plaintiff's amended complaint (Dkt. No. 4) is DISMISSED with partial leave to amend as set forth above and in the R&R;

3. Plaintiff's miscellaneous motions (Dkt. Nos. 5, 8, 10, 11, 12) are DENIED without prejudice;

4. Plaintiff shall have THIRTY DAYS in which to file a second amended complaint that conforms with the instructions set forth in Judge Katz's R&R and this Order;

5. If plaintiff timely files a second amended complaint, the Clerk is directed to refer this matter to Judge Katz for further review and action as appropriate;

6. If plaintiff does not timely file a second amended complaint, the Clerk is directed to enter a judgment dismissing this action without further Order of the Court.

The Clerk of the Court is directed to terminate the pending motions and set a deadline accordingly.

**IT IS SO ORDERED.**

Dated: December 9, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge