## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

_____

Patrick DiSanto

                Plaintiff,

                                           1:25-CV-01329

    v.                                       (AJB/MJK)


Ulster County Family Court

                Defendant.

_____

Patrick DiSanto, Plaintiff, _pro se_

Mitchell J. Katz, United States Magistrate Judge

To the Honorable Anthony J. Brindisi, U.S. District Judge

## ORDER and REPORT-RECOMMENDATION

DiSanto commenced this action on September 19, 2025, by filing what was docketed by the Clerk's Office as a Complaint, but titled "Memorandum Of Law & Request For Evidentiary Hearing." ("Compl.," Dkt. No. 1). DiSanto also filed an application to proceed _in forma pauperis_. ("_IFP_") (Dkt. 2). On September 23, 2025, DiSanto filed what was docketed by the Clerk's Office as an Amended Complaint, but titled "Memorandum Of Law & Request For Evidentiary Hearing." ("Am. Compl.," Dkt. No. 4). On September 24, 2025, DiSanto filed a motion to

1

seal. (Dkt. 5). On October 20, 2025, DiSanto filed the following: (a) a motion for a protective order (Dkt. 8); (b) a petition to perpetuate testimony pursuant to Rule 27(a) (Dkt. 10); (c) a motion to vacate judgment for fraud on the court (Dkt. 11); and (d) a motion to seal respondent list (Dkt. 12) (Dkts. 8, 10, 11, 12 are collectively referred to as the "October 20, 2025 Motions.").

On November 5, 2025, this Court issued an Order and Report Recommendation: (1) granting DiSanto's *IFP* application; (2) dismissing the Amended Complaint *without prejudice and with leave* to amend *except* for the following claims which were dismissed *with prejudice and without leave to amend*: (i) claims for negligence or medical malpractice arising out of DiSanto's purported "hypoglycemic event" over which the Court lacks subject matter jurisdiction and which are nevertheless time barred; (ii) claims for false arrest, excessive force, or both which are time barred under Section 1983 and *Bivens*; (iii) claims against the Ulster Family Court which are barred by the Eleventh Amendment; and (iv) claims against Judge Cahill and Judge Lalor which are precluded by the Eleventh Amendment and/or the doctrine of judicial immunity; (3) denying DiSanto's motion to seal without prejudice (Dkt.

2

5, 5-1); and (4) denying the October 20, 2025 Motions without prejudice. (Dkt. 13).

On December 9, 2025, United States District Court Judge Anthony J. Brindisi accepted the Order and Report-Recommendation. (Dkt. 15). Judge Brindisi afforded DiSanto 30 days to file a second amended complaint. (*Id.*). On January 22, 2026, the Court *sua sponte* granted DiSanto an additional 30 day to file a second amended complaint. (Dkt. 19).

DiSanto filed a Second Amended Complaint on January 22, 2026. (Dkt. 20). On January 26, 2026, DiSanto filed a Memorandum of Law and Request With Exhibits (Dkt. 21), identical to the document he filed on September 19, 2025 which was docketed as a Complaint. And on March 3, 2026, DiSanto filed a motion for leave to file a Third Amended Complaint. (Dkt. 23). Because DiSanto filed his motion for leave to file a Third Amended Complaint before the Court had an opportunity to review the Second Amended Complaint, the Court will grant the DiSanto's motion and review the sufficiency of the Third Amended Complaint. For the reasons discussed below, the Court recommends

that the Third Amended Complaint be dismissed *with prejudice and without leave to amend.*

## I.   STANDARD OF REVIEW

The Court must consider the sufficiency of the allegations set forth in the Second Amended Complaint considering 28 U.S.C. § 1915, which provides that a Court shall dismiss the case at any time if it determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the Court must consider whether the Complaint lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and 28 U.S.C. § 1915. Dismissal of frivolous actions is appropriate to prevent abuses of Court process as well as to discourage the waste of judicial resources.  *See Neitzke*, 490 U.S. at 327; *see also Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the Court has a duty to show liberality toward *pro se* litigants and must use extreme caution in

ordering *sua sponte* dismissal of a *pro se* Complaint before the adverse party has been served and has had an opportunity to respond, the Court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the Complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

In addition, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require detailed factual allegations, it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Houston v. Collerman*, No. 9:16-CV-1009 (BKS/ATB), 2016 WL 6267968, at *2 (N.D.N.Y. Oct. 26, 2016)

(quoting *Ashcroft*, 556 U.S. at 678). A pleading that contains allegations that "'are so vague as to fail to give the defendants adequate notice of the claims against them' is subject to dismissal." *Id.* (citing *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009)).

The Court will now consider the sufficiency of DiSanto's Third Amended Complaint, under the above standards.

## I.    FACTS

On October 11, 2013, DiSanto alleges that the Kingston Police Department confiscated his personal property and created a property inventory. (Third Amended Complaint, ¶¶ 13, 14). The seized property included research materials, personal documents, medical records, and personal property. (Third Amended Complaint, ¶ 16). The confiscated items were taken control of by the Ulster County Sheriff's Office and transferred to a storage unit in Ulster County. (Third Amended Complaint, ¶¶ 16, 17). DiSanto alleges that he did not "receive a constitutionally adequate post-deprivation hearing" regarding his property and did not "receive meaningful notice providing an opportunity to contest disposition prior to sale." (Third Amended

6

Complaint, ¶¶ 20, 21). A Sheriff's Notice of Sale was issued on May 4, 2018. (Third Amended Complaint, ¶ 22).

DiSanto also alleges that he sustained a traumatic brain injury causing "cognitive impairment and personality change." (Third Amended Complaint, ¶ 27). Because of his neurological impairment, DiSanto requested reasonable accommodations for court proceedings, which he claims were either denied or ignored. (Third Amended Complaint, ¶¶ 20, 31).

DiSanto seeks relief under 42 U.S.C § 1983 and 42 U.S.C. § 12132.

## II.    DISCUSSION

### A. DiSanto's claims are time barred

The Cour recommends that the District Court dismiss the Third Amended Complaint with prejudice and without leave to amend because DiSanto's claims are all time barred.

The statute of limitations for Section 1983 claims is New York's general statute of limitations for personal injury actions, N.Y. C.P.L.R. § 214(5), which is three years. *See Lucente v. County of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020) (citation omitted); *see also Corsini v. City of New York*, No. 20-CV-05459, 2023 WL 4420113, at *4 (E.D.N.Y. Jul. 10,

2023) (three year statute of limitations for procedural due process claims); *Keitt v. New York City*, 882 F. Supp. 2d 412, 425 (S.D.N.Y. 2011) (three year statute of limitations for ADA claims).

The genesis of DiSanto's claims is the October 11, 2013 confiscation of his personal property by the Kingston Police Department followed by the issuance of the Sheriff's May 4, 2018 Notice of Sale and attendant court proceeding for which DiSanto requested accommodations because of his neurological impairments. *See generally* (Third Amended Complaint). The events that DiSanto complains about occurred between 2013-2018, more than a decade ago and well beyond the three year statute of limitations. DiSanto's claims are therefore all time barred and the Court recommends that the Third Amended Complaint be dismissed *with prejudice and without leave to amend.*[1]

## III.  <u>**OPPORTUNITY TO AMEND**</u>

Generally, before the court dismisses a *pro se* complaint or any part of the complaint *sua sponte*, the court should afford a plaintiff the opportunity to amend at least once; however, leave to re-plead may be

---

[1] Because the Court is recommending dismissal based on the statute of limitations, it is not addressing the sufficiency of DiSantos' claims as pleaded.

denied where any amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). Any amendment in this case would be futile because DiSanto cannot allege any additional facts that would resurrect his time barred claims.

**WHEREFORE**, based on the findings above, it is hereby

**ORDERED**, that DiSanto's motion for leave to file a Third Amended Complaint is **GRANTED**, and it is further

**RECOMMENDED** that the Third Amended Complaint be **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**, and it is further

**ORDERED** that the Clerk provide DiSanto with a copy of this Report-Recommendation and Order, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (*per curiam*).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[2] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: March 23, 2026.

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Corsini v. City of New York, Not Reported in Fed. Supp. (2023)
2023 WL 4420113

Case 1:25-cv-01329-AJB-MJK    Document 24    Filed 03/23/26    Page 11 of 20

2023 WL 4420113
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

Joseph CORSINI, Plaintiff,
v.
CITY OF NEW YORK, Defendant.

20-CV-05459 (HG) (MMH)
|
Signed July 10, 2023

**Attorneys and Law Firms**

William R. Maurer, Pro Hac Vice, Institute for Justice, Seattle, WA, Diana K. Simpson, Pro Hac Vice, Jaba Tsitsuashvili, Pro Hac Vice, Institute for Justice, Arlington, VA, Jaime Lathrop, Law Offices of Jaime Lathrop PC, Brooklyn, NY, for Plaintiff.

Darren Michael Trotter, Kerri Ann Devine, NYC Law Department Office of the Corporation Counsel, New York, NY, for Defendant.

## MEMORANDUM & ORDER

HECTOR GONZALEZ, United States District Judge:

**\*1**  Plaintiff asserts that the City of New York deprived him of his due process rights secured by the Fourteenth Amendment and 42 U.S.C. § 1983. ECF No. 32. Defendant has moved to dismiss those claims. The Court grants Defendant's motion to dismiss in full for the reasons set forth below. ECF No. 38. Part of Plaintiff's procedural due process claim is barred by the statute of limitations, and the remainder of his procedural claim fails on the merits. Any substantive due process claim that Plaintiff might attempt to assert would also fail on the merits.

## FACTUAL BACKGROUND

This case arises from Plaintiff's construction of a pigeon coop on the roof of his home and penalties imposed by the City's Department of Buildings ("DOB"), which Plaintiff paid after receiving administrative hearings before a City tribunal related to some of those penalties. The essence of Plaintiff's claim is that some of these penalties, which he refers to as "unreviewable violations," violate his constitutional right to

procedural due process because they may not be contested before a City tribunal and instead must be paid immediately.

Plaintiff alleges that the DOB has an enforcement unit that prosecutes violations of the City's building code before the Office of Administrative Trials and Hearings ("OATH"), which "is the central administrative tribunal for the City." ECF No. 32 ¶¶ 19, 21. When the DOB discovers a violation of the building code that it decides to enforce, it issues a "Notice of Violation and a Hearing" to the property owner, which "initiates the enforcement process," including by scheduling a hearing date before OATH. *Id.* ¶ 40; ECF No. 39-1.[1] Plaintiff's complaint refers to these notices of violations that culminate in an administrative hearing before a neutral tribunal, albeit a tribunal also set up by the City, as "reviewable violations." ECF No. 32 ¶ 39.

[1]  Plaintiff's operative complaint refers to all of the documents that he received from the City as "notices of violations." *See generally* ECF No. 32. However, Defendant has provided the actual documents that Plaintiff received from the City notifying him of these violations, which are incorporated by reference into Plaintiff's complaint. *See* ECF No. 39. Those documents demonstrate that the documents that Plaintiff refers to as "reviewable violations" were each entitled "Notice of Violation and Hearing," whereas the documents that Plaintiff refers to as "unreviewable violations" were entitled simply "Notice of Violation." *See, e.g.*, ECF Nos. 39-1 & 39-9. In this decision, the Court will primarily use the nomenclature that Plaintiff uses in his complaint because of the length and similarity of the names that the City assigns to these different types of documents.

OATH contains a division in which a property owner—or the City if the City is the losing party during the initial OATH hearing—may file an administrative appeal. *Id.* ¶ 74. Generally, if the property owner was the losing party at the initial hearing, then he must pay any fines imposed while the administrative appeal is pending, unless he successfully applies for a waiver of the immediate payment requirement. *Id.* ¶ 75. Plaintiff alleges that whether to grant a waiver pending appeal falls within the "sole discretion" of OATH's Chief Administrative Law Judge or "her designee" and that "[t]here are no standards in any City ordinance, code provision, or rule to guide the Chief Judge or her designee

Case 1:25-cv-01329-AJB-MJK    Document 24    Filed 03/23/26    Page 12 of 20

Corsini v. City of New York, Not Reported in Fed. Supp. (2023)

2023 WL 4420113

in exercising such discretion." *Id.* ¶ 77. If OATH's appeals division rules in favor of the property owner, it has the authority to order the City to pay back any penalties paid by the property owner while the appeal was pending, although Plaintiff alleges that "[t]here is no requirement that the City pay interest on any funds it repays." *Id.* ¶¶ 78–79. A property owner may further appeal a decision by OATH's appeals division by filing a proceeding in New York state court pursuant to Article 78 of New York's Civil Practice Law and Rules, which "proceedings provide for limited judicial review of final administrative decisions." *Id.* ¶¶ 81–82.

 **\*2** Plaintiff was thrust into the DOB's administrative enforcement process because, as mentioned above, he built a pigeon coop on the roof of his home in Queens. ECF No. 32 ¶ 94. After a neighbor complained to the DOB about the coop, a DOB inspector visited Plaintiff's property, and the DOB issued to Plaintiff two Notices of Violation and a Hearing on September 20, 2016, *i.e.*, the type of violations that Plaintiff calls "reviewable violations." *Id.* ¶ 97. The DOB classified Plaintiff's violations as Class 1, which carried a "standard penalty" of $1,600 at that time. *Id.* ¶¶ 97–98. The DOB issued two reviewable violations for the same pigeon coop because the coop spanned both units of Plaintiff's duplex, and the DOB therefore determined that the coop made two properties noncompliant with the building code. *Id.* ¶ 100.

The DOB's initial notices of these reviewable violations scheduled a hearing before OATH that was eventually set for January 2017. *Id.* Plaintiff alleges that, during the intervening period, he hired an architect and attempted to work with the City to bring his pigeon coop into compliance with the building code, but that the City was not cooperative in explaining how the coop could be made compliant. *Id.* ¶ 101. During this period, on November 19, 2016, the DOB inspected Plaintiff's property again and issued two more reviewable violations. *Id.* ¶ 103. These new reviewable violations were based on Plaintiff's failure to certify that he had brought his property into compliance following the first set of reviewable violations. *Id.* This second set of reviewable violations also scheduled a hearing before OATH in January 2017. *Id.*

Plaintiff ultimately decided to dismantle his pigeon coop rather than to bring it into compliance with the City's building code because doing so would have been "prohibitively expensive," particularly because it would have required Plaintiff to install sprinklers on the coop. ECF No. 32 ¶ 108. He hired an attorney to represent him at his OATH

hearing in an attempt to mitigate the penalties the DOB would impose. *Id.* ¶ 114. After Plaintiff's initial OATH hearing in January 2017, OATH conducted two more hearings, the last of which occurred on November 21, 2017. *Id.* ¶¶ 115–16. While that process was pending, the DOB issued Plaintiff two more reviewable violations related to his failure to bring the pigeon coop into compliance with the building code—one on February 2, 2017, and another on April 5, 2017. *Id.* ¶ 117; *see also* ECF Nos. 39-5 & 39-6.

Throughout the hearing process, OATH issued six separate decisions, one corresponding to each of the six reviewable violations, and the last of which was issued on November 21, 2017. ECF Nos. 39-2, 39-4, 39-7, 39-8. These decisions collectively reduced any of Plaintiff's Class 1 penalties to Class 2 penalties, meaning that they each carried a penalty of $800 per violation, which amounted to a total penalty of $4,800. ECF No. 32 ¶¶ 115–16. Plaintiff declined to appeal the decisions to OATH's appeals division, which would have preserved his ability to bring an Article 78 proceeding in state court, because Plaintiff faced the prospect of the decision becoming less favorable to him on appeal and potentially having the penalties increased back to the Class 1 amount. *Id.* ¶¶ 121–22. The fact that Plaintiff would have needed to pay the reduced penalties while the appeal was pending —assuming that he did not successfully obtain a waiver— made an appeal even less palatable to him. *Id.* ¶¶ 122–23. Plaintiff also believed that obtaining a waiver was unlikely and reached the conclusion that he was "not rich enough to bear the entire penalty without real financial pain, but not poor enough to qualify for a hardship exception." *Id.* ¶ 124.

In the midst of the notices of reviewable violations, hearings, and administrative decisions described above, the City sent Plaintiff two more documents entitled "Notice of Violation" on December 14, 2016, one for each of Plaintiff's properties affected by the pigeon coop. ECF No. 32 ¶ 106; ECF No. 39-9. Each of these imposed a penalty of $1,500, meaning a total penalty of $3,000. ECF No. 39-9. The documents informed Plaintiff that these penalties were "in addition to any penalties imposed as a result of a hearing at [OATH] and any other D.O.B. civil penalties associated with the underlying violation." *Id.* The documents did not expressly set an OATH hearing date for Plaintiff to challenge the penalties. *Id.* Plaintiff alleges that these notices were different from the others he received and purportedly imposed "unreviewable violations" that could not be defeated through an OATH hearing. ECF No. 32 ¶ 106. However, Plaintiff alleges that he did not understand the unreviewable nature of these violations

Case 1:25-cv-01329-AJB-MJK    Document 24    Filed 03/23/26    Page 13 of 20

Corsini v. City of New York, Not Reported in Fed. Supp. (2023)
2023 WL 4420113

at the time they were issued and that he instead believed that these penalties "would be adjudicated together with the violations he received in September and November 2016, at the ECB/OATH hearing that was scheduled for January 3, 2017." *Id.* Plaintiff asserts that it was not until he received his final OATH hearing decision on November 21, 2017, that he learned that "he had not, and would never, receive a hearing" for these purportedly "unreviewable violations." *Id.* ¶ 119.

**\*3** The City, on the other hand, offers a different characterization of the "Notice of Violation" documents sent to Plaintiff in December 2016. The City says that these documents imposed "civil penalties" authorized by the City's administrative code for Class 1 violations that a property owner fails to remedy. ECF No. 40 at 5. Although a property owner does not receive a separate OATH hearing to contest these civil penalties, the City claims that they must be tied to a viable notice of violation related to a Class 1 violation and that, if a property owner defeats an underlying Class 1 violation during an OATH hearing, the civil penalties are "rendered unenforceable." *Id.* The City says this is exactly what happened to Plaintiff—that OATH reduced his total penalties by reducing all of his Class 1 violations to Class 2 violations, which rendered unenforceable the separate civil penalties imposed in December 2016. *Id.* Plaintiff, however, alleges that he paid the City in 2018, after the conclusion of his OATH hearing process, a total of $7,800—*i.e.*, $4,800 for the penalties reduced by the OATH decisions plus the $3,000 imposed by the purportedly "unreviewable violations." ECF No. 32 ¶ 120.

Plaintiff's complaint contains only one cause of action, a claim pursuant to 42 U.S.C. § 1983 that the City's process for imposing and adjudicating violations of its building code deprived Plaintiff of his due process rights under the Fourteenth Amendment. *Id.* ¶¶ 139–40. Plaintiff has brought this claim solely against the City, rather than any individual defendants, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Id.* ¶ 145. Although Plaintiff's complaint appears to focus predominantly on violations of his rights to procedural due process, it also includes an allegation that the City's policy for handling building code violations "was arbitrary and shocking to the conscience and was so brutal and offensive as to not comport with traditional ideas of fair play and decency," which suggests that he is also asserting a substantive due process claim. *Id.* ¶ 153.

Plaintiff commenced this case by filing his initial complaint on November 10, 2020, barely less than three years after

receiving the decision from his final OATH hearing. ECF No. 1. After the parties exchanged pre-motion letters regarding a proposed motion to dismiss by the City, Judge Brodie, who previously presided over this case, permitted Plaintiff to amend his complaint. *See* ECF Nos. 14, 15, 17, 18; ECF Order dated Feb. 18, 2021. The City then moved to dismiss that amended complaint, and Judge Brodie granted that motion, finding that Plaintiff's claim was barred by the statute of limitations. ECF No. 31. She held that Plaintiff's due process claim accrued when the City issued its first pair of so-called reviewable violations on September 20, 2016, and that Plaintiff failed to commence his lawsuit within three years of that date. *Corsini v. City of New York*, No. 20-cv-5459, 2021 WL 5999631, at *9 (E.D.N.Y. Dec. 20, 2021). Judge Brodie rejected Plaintiff's argument that each day that the City failed to provide him with an OATH hearing to contest the pair of purportedly "unreviewable violations" that the City had issued on December 14, 2016, represented a continuing violation that rendered his due process claim timely. *Id.* at *9–10.

However, Judge Brodie permitted Plaintiff to amend his complaint yet again to attempt to allege a due process violation that occurred within the statute of limitations period. *Corsini*, 2021 WL 5999631, at *10. She explained that Plaintiff's second amended complaint "must allege that the City's failure to provide a hearing [on the unreviewable violations] compounded Plaintiff's injury following the issuance of the initial notices or that the continuing violation doctrine otherwise applies." *Id.* Plaintiff responded by filing a second amended complaint, which added allegations explaining that he did not understand until his OATH hearings concluded in November 2017 that he would not be permitted to contest the validity of the unreviewable violations at those hearings and would instead be permitted to challenge only the reviewable violations. *See* ECF No. 32 ¶¶ 8, 106–07, 113, 115–20, 130, 146, 160; *see also* ECF No. 43 at 5 (Plaintiff's brief explaining that these paragraphs contain his new allegations). The City has moved to dismiss that second amended complaint. ECF No. 38.

## LEGAL STANDARD

**\*4** A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

Corsini v. City of New York, Not Reported in Fed. Supp. (2023)

2023 WL 4420113

misconduct alleged.' " *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

2       Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

When deciding a motion to dismiss, the Court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021). The Court may therefore consider the notices of building code violations that Plaintiff received from the City, along with the OATH hearing decisions disposing of those violations, because, although Defendant was the party that provided copies of those documents as part of its motion to dismiss, Plaintiff incorporated the documents by reference into his operative complaint.

**DISCUSSION**

Plaintiff's claim that the so-called unreviewable violations that he received in December 2016 violated his right to due process because they could not be challenged through an administrative hearing or other process fails because the claim is barred by the statute of limitations. To the extent Plaintiff makes a procedural due process challenge to the so-called reviewable violations, for which he received hearings before OATH, that challenge fails on the merits because the additional procedural safeguards that Plaintiff demands were not required to satisfy the Fourteenth Amendment. Finally, the deprivation of money and unfettered use of his home to which Plaintiff was subjected does not shock the conscience, so the substantive due process claim alluded to in Plaintiff's complaint also fails.

**I. The Statute of Limitations Bars Plaintiff's Claims Based on the Purportedly "Unreviewable Violations"**

The length of the statute of limitations for a Section 1983 claim is determined by state law, but federal law governs when a Section 1983 claim accrues—*i.e.*, when the statute of limitations begins to run. *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023); *see also Reed v. Goertz*, 143 S. Ct. 955, 961 (2023) (stating that the question of when the

"limitations period began to run" for Section 1983 procedural due process claim was "one of federal law"). "The statute of limitations applicable to § 1983 claims in New York is three years," including for procedural due process claims. *Pulte Homes of N.Y. LLC v. Town of Carmel*, 736 F. App'x 291, 293 (2d Cir. 2018) (affirming dismissal of procedural due process claims brought pursuant to Section 1983).

At the motion to dismiss stage, the Court must assume that Plaintiff accurately alleges that the unreviewable violations he received in December 2016 were, in fact, unreviewable through an OATH hearing or any other administrative proceeding. The Court, therefore, disregards the City's contrary assertions that Plaintiff could (and did) defeat the penalties associated with the unreviewable violations by using his OATH proceedings on the corresponding reviewable violations to have his Class 1 penalties reduced to Class 2 penalties. *See* ECF No. 40 at 5. The administrative rules cited by the City do not unambiguously compel this conclusion, and Plaintiff alleges that he paid the penalties associated with the unreviewable violations. *Id.*; ECF No. 32 ¶ 120. The question of what process the City provides to challenge the so-called unreviewable violations issued by the DOB is therefore a disputed issue of fact.

***5** But assuming that the December 2016 Notices of Violations were unreviewable, as Plaintiff alleges, means that the statute of limitations defeats his claim. The Supreme Court has recently clarified that a Section 1983 due process claim "is not complete when the deprivation occurs" but instead is "complete only when the State fails to provide due process." *Reed*, 143 S. Ct. at 961. Since Plaintiff alleges that the City did not provide any further process once the monetary penalties associated with the unreviewable violations were imposed in December 2016, his Section 1983 claim accrued immediately and expired in December 2019, approximately eleven months before he filed this lawsuit.

Plaintiff incorrectly contends that his "challenge to the City's failure to provide hearings for its unreviewable violations did not fully accrue until the City concluded its administrative proceedings and failed to provide him with a hearing." ECF No. 43 at 1. The Second Circuit has held that "claims brought under [Section] 1983 ... typically accrue when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Barnes*, 68 F.4th at 127. "[A] plaintiff's knowledge is sufficient to trigger accrual when [he] know[s] enough of the critical facts of injury and causation to protect himself by seeking legal advice." *Abdel-Fakhara v. Vermont*,

Corsini v. City of New York, Not Reported in Fed. Supp. (2023)

2023 WL 4420113

No. 22-2543-cv, 2023 WL 3486236, at *1 (2d Cir. May 17, 2023) (affirming dismissal of procedural due process claim). Even if this standard is not purely objective, and instead allows the Court to inquire into Plaintiff's subjective knowledge, Plaintiff's claims would still be time barred.

The Notices of Violations that Plaintiff contends were unreviewable expressly indicated that they were related to the reviewable violations that the DOB had already issued to Plaintiff in September 2016; each unreviewable violation referred to the same unique identifying number assigned to each of the earlier, reviewable violations. *Compare* ECF No. 39-1, *with* ECF No. 39-9. Plaintiff received decisions from OATH rejecting his challenges to the underlying reviewable violations in January 2017, during which time he was represented by an attorney. *See* ECF No. 39-2 (decisions reflecting that Plaintiff's attorney was present at the OATH hearings); *see also* ECF No. 32 ¶ 115 (alleging that Plaintiff was "[r]epresented by his attorney" during the OATH hearings).

Accordingly, even if Plaintiff, as a non-lawyer, could not reasonably have known in December 2016, immediately upon receiving the supposedly unreviewable violations, that the $3,000 in penalties that they imposed were unreviewable, he should have known that no later than January 2017. At that later point, Plaintiff's penalties for the underlying reviewable violations had been decided, and the City, according to Plaintiff, had not given him an opportunity to challenge the additional penalties attributable to the unreviewable violations. The fact that Plaintiff continued to participate in proceedings before OATH in March 2017 and November 2017 to contest additional, reviewable violations does not change that outcome. Those additional proceedings, which were related to different violations, could not have impacted whether Plaintiff reasonably believed he would receive further opportunities to challenge the December 2016 violations, especially since Plaintiff had a lawyer, with whom Plaintiff could easily have conferred "to protect himself by seeking legal advice." *See Abdel-Fakhara*, 2023 WL 3486236, at *1. Nor does it matter that Plaintiff did not pay any of the penalties until February 2018, after the conclusion of all his hearings. *See* ECF No. 32 ¶ 120; *Pulte Homes*, 736 F. App'x at 294 (holding that Section 1983 procedural due process claim accrued when town passed resolution imposing fees related to construction project, not when plaintiff actually paid the fees at a later date).

**\*6** The continuing violation doctrine does not save Plaintiff's procedural due process challenge to the unreviewable violations issued in December 2016. The continuing violation doctrine is "an exception to the normal knew-or-should-have-known accrual date rule," and it "treats a series of separate acts that collectively constitute one unlawful practice as a single composite entity when the resulting claims by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." *DeSuze v. Ammon*, 990 F.3d 264, 271 (2d Cir. 2021) (affirming dismissal of Section 1983 procedural due process claims). Although the continuing violation doctrine can apply to Section 1983 claims, it does not apply when "plaintiffs complain of discrete acts separated in time." *Id.* at 272.

Plaintiff's allegation that the City imposed penalties that he was not permitted to challenge through an OATH hearing or any other procedural mechanism was a discrete act that occurred in December 2016 when the supposedly unreviewable violations were imposed. The fact that the City still has not made any administrative review process available to Plaintiff does not render his claim timely because "a continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred act." *DeSuze*, 990 F.3d at 272 (holding that continuing violation doctrine did not apply to rent increases approved outside statute of limitations period even though plaintiffs continued to pay those increased rents during the limitations period); *see also Gonzalez v. Hasty*, 802 F.3d 212, 223 (2d Cir. 2015) (continuing violation doctrine did not apply to procedural due process *Bivens* claim based on prisoner's detainment in special housing unit without receiving proper notice even though prisoner continued to be detained there during limitations period). If Plaintiff's continuing violation argument were taken to its logical endpoint, then the statute of limitations for a procedural due process claim would never expire because every day that a plaintiff does not receive the particular form of due process he desires would constitute a continuing violation.

## II. The City Provided Adequate Procedural Due Process for Plaintiff to Challenge the "Reviewable Violations"

Plaintiff's complaint alleges that the City's imposition of penalties associated with the so-called reviewable violations did not provide him with the procedural due process required by the Constitution because the City's OATH hearings entail a variety of procedural deficiencies. ECF No. 32 ¶ 146. In particular, Plaintiff faults the City's and State's administrative

Case 1:25-cv-01329-AJB-MJK    Document 24    Filed 03/23/26    Page 16 of 20

Corsini v. City of New York, Not Reported in Fed. Supp. (2023)

2023 WL 4420113

process for failing to require compliance with New York's rules of evidence, requiring him to pay any penalty imposed during an OATH hearing pending an appeal, and supposedly prohibiting him from asserting constitutional challenges in any Article 78 proceeding commenced in state court. *Id.* Since at least one of the City's reviewable violations was imposed after an OATH hearing that occurred in November 2017, less than three years before Plaintiff filed his original complaint, Plaintiff's challenge to that reviewable violation is not barred by the statute of limitations. However, it fails on the merits because the procedural protections provided to Plaintiff were adequate.

The parties agree that "the existence of a procedural due process right is guided by the three-factor balancing test enunciated in *Mathews v. Eldridge*, 424 U.S. 319 (1976)." *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 191 (2d Cir. 2020); *see* ECF No. 40 at 14 (Defendant's brief applying the *Mathews* test); ECF No. 43 at 17 (Plaintiff's brief applying the *Mathews* test). That balancing test requires the Court to consider the following factors:

> **\*7** First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Doolen v. Wormuth*, 5 F.4th 125, 134 (2d Cir. 2021) (affirming dismissal of procedural due process claims).

After balancing these factors, the Court finds that the City did not violate Plaintiff's due process rights by failing to include in its OATH hearings the additional procedural safeguards that Plaintiff demands. The administrative hearing that Plaintiff received before OATH did not violate due process even though the CPLR and New York's rules of evidence did not apply during the hearing. *See Union Square Supply Inc. v. De Blasio*, 572 F. Supp. 3d 15, 24 (S.D.N.Y. 2021) (dismissing procedural due process claims because

plaintiff was "entitled to a pre-deprivation hearing before an OATH hearing officer"). The fact that Plaintiff alleges that, as a result of the OATH proceedings, some of his penalties were reduced, further demonstrates the procedural adequacy of the proceedings. *See Nestle Waters N. Am., Inc. v. City of New York*, 689 F. App'x 87, 88 (2d Cir. 2017) (explaining that "[t]he most persuasive fact" justifying dismissal of procedural due process claims "[was] that [plaintiff] successfully overturned 38 summonses through the [Parking Violations Bureau]/Article 78 review procedures"). Judge Brodie has already rejected Plaintiff's argument that requiring a party to pay a penalty while an appeal is pending violates due process, and the Court agrees with her conclusion. *See Corsini*, 2021 WL 5999631, at \*9 n.14 (citing *Sheng v. City of New York*, No. 05-cv-1118, 2009 WL 6871132, at \*10 (E.D.N.Y. June 26, 2009), *report and recommendation adopted in full*, 2010 WL 3744428 (E.D.N.Y. Sept. 20, 2010) (dismissing Section 1983 claims on summary judgment)).

Plaintiff's ability to bring an Article 78 proceeding in state court to challenge OATH's decision further counsels against requiring OATH to adopt additional procedural protections prior to depriving Plaintiff of money or other property rights. The City need only provide a "minimal" hearing prior to depriving a person of their property or liberty interest, so long as the aggrieved person may take advantage of "the availability of a full post-deprivation hearing" provided through an Article 78 proceeding. *Locurto v. Safir*, 264 F.3d 154, 173–74 (2d Cir. 2001) (granting summary judgment dismissing procedural due process claim); *see also King v. City of New York*, No. 22-231-cv, 2023 WL 2398679, at \*3 (2d Cir. Mar. 8, 2023) (confirming continued validity of *Locurto* and affirming dismissal of procedural due process claim, pursuant to Rule 12(b)(6), because plaintiff "had the opportunity to seek post-deprivation relief in New York state court under Article 78 of the New York Civil Practice Law and Rules"). Even if the penalties imposed on Plaintiff were sufficiently small that pursuing an Article 78 proceeding would not make financial sense, the availability of OATH's "written appeal process," which Plaintiff declined to pursue, "in addition to the availability of the Article 78 proceeding[,] reduce[d] the risk of erroneous deprivation such that the *Mathews* test does not require additional procedures." *Bens BBQ, Inc. v. Cty. of Suffolk*, 858 F. App'x 4, 7 (2d Cir. 2021) (affirming dismissal of procedural due process claim).

**\*8** Plaintiff's arguments that an Article 78 proceeding is an inadequate post-deprivation vehicle for challenging the City's actions cannot rehabilitate his otherwise defective due

Case 1:25-cv-01329-AJB-MJK    Document 24    Filed 03/23/26    Page 17 of 20

Corsini v. City of New York, Not Reported in Fed. Supp. (2023)
2023 WL 4420113

process claim. The Second Circuit "ha[s] held on numerous occasions that an Article 78 proceeding is a perfectly adequate post-deprivation remedy." *Gentleman v. State Univ. of N.Y. Stony Brook*, No. 21-1102-cv, 2022 WL 1447381, at *2 (2d Cir. May 9, 2022) (affirming grant of motion to dismiss procedural due process claim). Accordingly, the Second Circuit frequently affirms the dismissal of procedural due process claims brought by plaintiffs who had an Article 78 proceeding available to them. *See, e.g., Attallah v. N.Y. Coll. of Osteopathic Med.*, 643 F. App'x 7, 10 (2d Cir. 2016) (affirming dismissal of Section 1983 procedural due process claim based upon expulsion from medical school); *Morgan v. Cty. of Warren*, No. 22-345-cv, 2022 WL 13691731, at *2 (2d Cir. Oct. 24, 2022) (affirming dismissal of Section 1983 procedural due process claim brought by terminated civil service employee). Plaintiff's assertion that he could not have used an Article 78 proceeding to raise a constitutional challenge to the process that the City provided him is legally inaccurate; "[i]ndividuals who bring Article 78 proceedings to challenge determinations against them are free to raise constitutional claims in such proceedings." *Pascazi v. Rivera*, No. 13-cv-9029, 2015 WL 845839, at *5 (S.D.N.Y. Feb. 26, 2015) (dismissing Section 1983 procedural due process claim). As the New York Court of Appeals has explained, plaintiffs are not entitled to commence Article 78 proceedings to challenge a "law or statute of general applicability," but if a plaintiff has a particular law applied to him through an administrative proceeding, he may challenge the constitutionality of that law in any ensuing Article 78 review of the administrative proceeding. *Solnick v. Whalen*, 401 N.E.2d 190, 195 (N.Y. 1980); *see also Walton v. N.Y. State Dep't of Corr. Servs.*, 863 N.E.2d 1001, 1005 (N.Y. 2007) (holding that petitioners' "constitutional claims ... could have been resolved in an article 78 proceeding").

For the reasons described in this section, the administrative proceedings available to Plaintiff appropriately guarded against the erroneous deprivation of his rights, and the additional protections for which Plaintiff advocates would provide little additional value, so that the second factor of the *Mathews* test weighs heavily against Plaintiff. Even if the Court were to reject Defendant's characterization of Plaintiff's property rights at issue as "minimal" and ignore Defendant's assertion that it would cost the City "millions of dollars of taxpayer funds" to provide the additional protections Plaintiff seeks, *see* ECF No. 40 at 15–17, the latter being an unsupported question of fact at this stage, the Court would still conclude that the procedural due process afforded to Plaintiff was constitutionally adequate.

### III. Plaintiff's Substantive Due Process Claim Fails

Plaintiff's complaint refers in passing to the City's conduct as "shocking to the conscience," "brutal," and "offensive," which is typically language that courts use when dealing with substantive due process claims. ECF No. 32 ¶ 153. To allege a substantive due process claim, a plaintiff "must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience. The interference with the plaintiff's protected right must be so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." *Hurd v. Fredenburgh*, 984 F.3d 1075, 1087 (2d Cir. 2021). To the extent Plaintiff is asserting a substantive due process claim, it borders on frivolous and fails on the merits.

Although the penalty Plaintiff paid was significant, its amount was not shocking, and the City's attempt to regulate the manner in which Plaintiff built a pigeon coop on his property was not offensive, as Plaintiff contends. The Second Circuit has held in recent years that even greater deprivations of a person's liberty do not shock the conscience and, therefore, do not give rise to substantive due process claims. *See Dabah v. Franklin*, No. 22-845-cv, 2023 WL 3577872, at *2 (2d Cir. May 22, 2023) (affirming dismissal of substantive due process claim based on loss of parent's visitation rights, along with his rights to "ma[k]e decisions about the medical treatment, education, and religious instruction of [his] children"); *Salem v. City of New York*, 811 F. App'x 678, 683 (2d Cir. 2020) (dismissing substantive due process claims based on corrections officers' continued custody of plaintiff because they had no duty to inform him that his bail had been reduced to one dollar); *Horton v. Westling*, 765 F. App'x 531, 532, 533 (2d Cir. 2019) (affirming dismissal of substantive due process claim based on student's suspension "for most of his senior year of high school," which was allegedly achieved through biased process that favored school officials).

### CONCLUSION

**\*9** For the reasons set forth above, the Court GRANTS in full Defendant's motion to dismiss Plaintiff's second amended complaint with prejudice. ECF No. 38.

SO ORDERED.

Case 1:25-cv-01329-AJB-MJK    Document 24    Filed 03/23/26    Page 18 of 20

2023 WL 4420113

**All Citations**

Not Reported in Fed. Supp., 2023 WL 4420113

---

**End of Document**                    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

---

**Filings (5)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1.  Reply Brief of Appellant**<br>Joseph CORSINI, Plaintiff - Appellant, v. CITY OF NEW YORK, Defendant - Appellee.<br>2023 WL 8018236 | — | C.A.2 | Nov. 14, 2023 | Brief |
| **2.  Brief for Appellee**<br>Joseph CORSINI, Plaintiff-Appellant, v. CITY OF NEW YORK, Defendant-Appellee.<br>2023 WL 7320537 | — | C.A.2 | Oct. 31, 2023 | Brief |
| **3.  Brief of Appellant**<br>Joseph CORSINI, Plaintiff - Appellant, v. CITY OF NEW YORK, Defendant - Appellee.<br>2023 WL 6461256 | — | C.A.2 | Sep. 26, 2023 | Brief |
| **4.  Docket 23-1065**<br>Corsini v. City of New York | — | C.A.2 | July 20, 2023 | Docket |
| **5.  Docket 1:20-CV-05459**<br>Corsini v. City of New York | — | E.D.N.Y. | Nov. 10, 2020 | Docket |

WESTLAW   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**History (3)**

**Direct History (2)**

1. Corsini v. City of New York 🕶
2023 WL 4420113 , E.D.N.Y. , July 10, 2023

*Affirmed by*

2. Corsini v. City of New York
2024 WL 2270130 , 2nd Cir.(N.Y.) , May 20, 2024

**Related References (1)**
3. Corsini v. City of New York
2021 WL 5999631 , E.D.N.Y. , Dec. 20, 2021

WESTLAW    © 2026 Thomson Reuters. No claim to original U.S. Government Works.