**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

PATRICK DISANTO,

                Plaintiff,

          -v-                             1:25-CV-1329 (AJB/MJK)

ULSTER COUNTY FAMILY COURT,

                Defendant.

_____

**APPEARANCES:**                             **OF COUNSEL:**

PATRICK DISANTO
Plaintiff, Pro Se
16008 West 84th Terrace
Lenexa, KS 66219

**Hon. Anthony Brindisi, U.S. District Judge:**

### ORDER ON REPORT & RECOMMENDATION

On September 19, 2025, *pro se* plaintiff Patrick DiSanto ("plaintiff") submitted a filing entitled "memorandum of law & request for evidentiary hearing," which the Clerk of the Court docketed as a complaint. Dkt. No. 1. Along with that filing, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No 2. Thereafter, plaintiff submitted another filing entitled "memorandum of law & request for evidentiary hearing," which the Clerk docketed as an amended complaint. Dkt. No. 4. Plaintiff also filed a "motion to seal case," Dkt. No. 5, a "distinction notice," Dkt. No. 6, a "motion for protective order," Dkt. No. 8, a "notice of constitutional challenge," Dkt. No. 9, a "petition to perpetuate testimony to Rule 27(a)" Dkt. No. 10, a "motion to vacate judgment for Fraud on the Court," Dkt. No. 11, and a "motion to seal respondent list," Dkt. No. 12.

On November 5, 2025, U.S. Magistrate Judge Mitchell J. Katz granted plaintiff's IFP Application and, after an initial review of the pleadings and other filings, advised by Report & Recommendation ("R&R") that plaintiff's amended complaint be dismissed with partial leave to amend. Dkt. No. 13. As relevant here, Judge Katz advised that plaintiff be given a chance to amend most of his claims, but recommended that several of them be dismissed without leave to amend: (1) claims for negligence/medical malpractice arising out of plaintiff's "hypoglycemic event"; (2) claims for false arrest and/or excessive force; and (3) claims against Judge Cahill and Judge Lalor. Dkt. No. 13 at 21.[1] As Judge Katz explained, those three claims were either time-barred or precluded by immunity principles. Dkt. No. 13 at 21. Aside from those claims, Judge Katz recommended that plaintiff be given leave to amend. *Id*. Notably, however, Judge Katz cautioned plaintiff that a second amended complaint must conform with certain requirements, including those imposed by the Federal Rules of Civil Procedure. *Id*. at 21–22.

On December 9, 2025, this Court adopted Judge Katz's R&R over plaintiff's objections and gave him thirty days to file a second amended complaint that conformed with the instructions set forth in Judge Katz's R&R. Dkt. No. 15. Thereafter, plaintiff filed a "statement in support of second amended complaint and clarification of jurisdictional scope," Dkt. No. 16, a second amended complaint, Dkt. No. 20, a "request for evidentiary hearing in question-and-answer format to resolve judicial bias, civil rights violations, and environmental negligence involving tribal land and parental rights," Dkt. No. 21, a "notice regarding incorporation of prior memorandum of law and request for evidentiary hearing as an exhibit," Dkt. No. 22, and a motion for leave to file a third amended complaint, Dkt. No. 23.

---

[1] Pagination corresponds with CM/ECF headers.

- 3 -

On March 23, 2026, Judge Katz reviewed plaintiff's filings and advised by R&R that plaintiff's motion for leave to file a third amended complaint be granted. Dkt. No. 24. However, Judge Katz further advised that plaintiff's third amended complaint be dismissed with prejudice and without leave to amend. Dkt. No. 24. There, Judge Katz explained that all of the claims asserted in plaintiff's third amended complaint were time-barred by the applicable statute of limitations. *Id*. Further, because the timeliness of plaintiff's claims was a substantive defect that could not be cured with better pleading, Judge Katz recommended against further leave to amend. *Id*.

Plaintiff has not lodged objections, and the time period in which to do so has expired. *See* Dkt. No. 24. Upon review for clear error, the R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 24) is ACCEPTED; and

2.  Plaintiff's third amended complaint is DISMISSED without leave to further amend.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: April 14, 2026
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge